MOORE, J.,
concurring.
hi agree with the majority’s conclusion that Ford did not carry his burden of establishing by clear and convincing evidence that he was factually innocent of
“any crime” based upon the evidence at his murder trial. Although Ford did not participate in the armed robbery and murder of Isadore Rozeman, the facts established at trial indicate that he had at least two tangential connections to the offense for which he could have been charged with possession of stolen things and accessory after the fact to armed robbery. Construing the “any crimes” element broadly, Ford was not “factually innocent” of “any crime.”
Nevertheless, there is something lopsided or inequitable in this result for which paeans to legislative wisdom and strict construction do not balance the scales. Our legislature’s failure to clearly define and limit the scope of the “any crimes” element so constrains the class of wrongfully convicted persons eligible for compensation that it leads to inequitable judgments.
In my view, the legislature should revise the test for awarding compensation for exonerated individuals. As currently written, the statute creates an atmosphere conducive to overcharging by district attorneys and deficient investigations. See Burrell v. State, 50,157 (La.App. 2 Cir. 1/13/16), 184 So.3d 246.
For these reasons, I concur in the result.
BROWN, C.J., concurs with reasons on rehearing.